IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED, <br><br> Defendants and Counterclaimants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 3:18-cv-01994-FLW-TJB |

**STIPULATED ORDER GOVERNING
THE TAKING OF REMOTE DEPOSITIONS**

WHEREAS Coronavirus Disease 2019 ("COVID-19") continues to affect the operation of the judicial system and to limit the ability of individuals to travel and to congregate, and

WHEREAS, the need to avoid travel and for social distancing among the witnesses and the attorneys in this case are legitimate reasons for remote depositions pursuant to Federal Rule of Civil Procedure 30(b)(4), and

WHEREAS the Parties have agreed to stipulate, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to Court approval, to the following terms governing the taking in this case of Remote Depositions (as that term is defined below):

I.  **GENERAL GUIDELINES AND SCOPE**

1.  This Stipulated Order Governing the Taking of Remote Depositions (the "Protocol") will govern, subject to Court approval, the taking of depositions in the above-

captioned matter as a supplement to the Federal Rules of Civil Procedure; United States District Court for New Jersey Local Rules; and the Stipulation and Order Regarding Case Management dated July 7, 2020.

2. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

**II. DEFINITIONS**

3. "Attending Counsel" shall mean legal counsel for a Party or for the Witness who is not deposing counsel or defending counsel, but who is attending a Remote Deposition.

4. "Defending Counsel" shall mean the legal counsel of the party, Parties, non-party, or non-parties defending a deposition in this litigation. In the event a non-party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

5. "Deposing Counsel" shall mean the legal counsel of the Party noticing and taking a deposition in this litigation.

6. "Noticing Party" means a Party that noticed the Remote Deposition of a Witness pursuant to Federal Rules of Civil Procedure 26 and 30 or Federal Rule of Civil Procedure 45.

7. "Non-parties" shall mean all natural or legal persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a deposition in this litigation.

8. "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Protocol.

9. "Remote Deposition" means any deposition by oral examination conducted pursuant to Federal Rules of Civil Procedure 27, 30, or 45 where all of the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, or videographers—are not physically present in the same location at the time the deposition is taken. A "Remote Deposition" shall mean a deposition conducted using a Platform as agreed to under this Protocol that allow for the Witness, Attending Counsel, Deposing Counsel, Defending Counsel, the court reporter, and videographer to participate in a deposition without attending the deposition in person, or any other means to which the Deposing Counsel, Defending Counsel, and Attending Counsel agree.

10. "Witness" means the person, including non-parties, whose Remote Deposition has been noticed in this litigation.

### III. AGREEMENT TO CONDUCT REMOTE DEPOSITIONS

11. Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), Remote Depositions in this case shall be taken so that such depositions comply with the applicable local and state regulations and orders in the location of the Witness, and any federal regulations and orders concerning social distancing and public health.

12. It is presumed that all remaining depositions in this case shall be Remote Depositions. Any Party may notice a Remote Deposition by stating its intention to take a deposition by remote means in its original or amended notice or subpoena of a person for deposition by oral examination pursuant to Federal Rule of Civil Procedure 30. If any Party or non-party Witness objects to the taking of the deposition by remote means, it must notify the Noticing Party, in writing, of the objection within five (5) days of receiving the Noticing Party's notice of its intention to take a Remote Deposition.

13. The Parties agree to promptly confer in good faith with each other and, if applicable, the non-party Witness to attempt to resolve objections pursuant to Paragraph 12 above. If the objection is not resolved, the person objecting may, pursuant to Judge Bongiovanni's Policies and Procedures and Federal Rule of Civil Procedure 30(b)(4), schedule a telephone conference with the Court in an attempt to resolve the dispute, and thereafter if necessary file a motion for a protective order or a motion to quash with the Court seeking an order that a deposition may not be taken by the means originally noticed. Any such motion must follow the procedures described on page three of Judge Bongiovanni's Policies and Procedures. The deposition may not take place until the Court resolves such motion.

14. Except as provided in Paragraph 12 above, the Parties hereby expressly waive all objections to any Remote Deposition based solely on the fact that the deposition was taken using remote means.

**IV.   DURATION OF REMOTE DEPOSITIONS**

15. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the seven (7) hours allowed for a deposition under the Federal Rules of Civil Procedure. The duration of a Remote Deposition may be further enlarged by agreement of Deposing Counsel and Defending Counsel.

**V.   THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS**

16. Any Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, and Attending Counsel.

17. The Parties agree to use Digital Evidence Group for all Remote Depositions. Any Party may, with reasonable notice to all other Parties, add a new vendor to the list of vendors included in this Paragraph.

18. Unless otherwise agreed, the Platform of the Noticing Party who first noticed the deposition shall be used for that Remote Deposition.

19. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record.

20. The Party whose Platform is used to conduct a Remote Deposition shall be responsible for arranging the taking of a Remote Deposition with the vendor and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys. Deposing Counsel, Defending Counsel, and all Attending Counsel shall communicate to each other their respective email addresses, including the email address of the Witness and all persons intending to attend the deposition, to the extent such email addresses are available no later than five (5) days before the deposition.

21. Upon any Party's or the Witness's request, a Noticing Party whose Platform is to be used to conduct the Remote Deposition shall arrange for the Witness and all participating attorneys to participate in a "test run" of the Platform. The Parties shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform. The Parties may, by agreement, modify any of the requirements in this Paragraph.

22. Remote Depositions subject to this Protocol shall be recorded by stenographic means. The deposition may be recorded by audiovisual means at the election of either Party, at that Party's expense.

23. Any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party whose Platform is being used for the Remote Deposition. Other Parties will still bear their own costs for copies of transcripts and copies of video recordings from any deposition.

24. Deposing Counsel and Defending Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

## VI.    EXHIBITS

25. Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness and counsel for all Parties to review the exhibits during the course of the deposition. Deposing Counsel may elect either to (1) use pre-marked hard-copy exhibits for a Remote Deposition; or (2) mark and use exhibits for a Remote Deposition through the Platform enabled for Remote Depositions, which shall enable Deposing Counsel to share exhibits with the Witness, court reporter, Defending Counsel, and Attending Counsel. If a Party sends any pre-marked exhibits via email, Federal Express, U.S. Postal Service, or UPS that Party must send copies of those exhibits to Defending Counsel, the other Parties, and the court reporter in advance of the deposition. Any such package or electronic file containing exhibits shall not be opened until the commencement of the Remote Deposition.

26. The Witness, Defending Counsel, and any persons not affiliated with the Deposing Counsel other than the vendor shall not review any exhibit until it is introduced as an exhibit by the Deposing Party at the Remote Deposition.

27. If the Platform for a Remote Deposition does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that

such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

### VII. COMPLIANCE WITH THE FEDERAL RULES

28. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.

29. A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

30. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness' oath or affirmation may be administered remotely.

31. Deposing Counsel and Defending Counsel respectively shall be responsible for ensuring that they have a means of communicating with co-counsel or the Witness, as appropriate, during breaks in the deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the Remote Deposition.

### VIII. MISCELLANEOUS PROVISIONS

32. All persons participating in a Remote Deposition shall enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate.

33. No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for: (a) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform or (b) Defending Counsel

who represents a Witness. Any such individual must be logged onto the Platform with a separate video connection or be otherwise viewable by a camera at all times during the course of the Remote Deposition. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Deposition must be identified for the record. Any person joining or leaving the Deposition after its beginning must be identified at the time of his or her arrival or departure.

34. During a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record which can occur in breakout rooms provided by Platform or other means, to the extent such breaks or recesses and any such conversations taking place during them occur in the manner permitted under applicable federal and local rules and procedures.

35. The Witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties. During the deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony.

36. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical

difficulties arise which make the completion of a Remote Deposition impracticable, the counsel for Parties and the Witness shall resume the Remote Deposition at the earliest, mutually-convenient opportunity. Either Party may seek, in a joint telephone conference, a protective order governing whether or the terms under which the Remote Deposition may resume.

37. Based on their experience under this Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any non-party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all depositions.

38. The Noticing Party shall serve a copy of this Protocol with any subpoena for a Remote Deposition. The Parties shall use their best efforts to obtain the consent of a non-party Witness to this Protocol after service of the Subpoena. If a Party cannot obtain a non-party Witness' consent to this Protocol, it shall inform the other Parties. Any Party may, and, with notice to the non-party Witness, seek a telephone conference with the Court to resolve the dispute.

39. All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this order shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 12, 2020                                Respectfully Submitted,

By: /s/ Marc D. Youngelson
Marc D. Youngelson
COSNER YOUNGELSON
197 Route 18, Ste 104
East Brunswick, NJ 08816
(732) 937-8000
(732) 937-5439

Steven J. Moore
Withersworldwide
1700 East Putnam Avenue, Suite 400
Greenwich, CT 06870-1366
(203) 302-4100

Stephen Weissman
William C. Lavery
Michael Perry
Ashley Eickhof
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 639-7905
Fax: (202) 639-1163

*Counsel for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

By: /s/ John E. Flaherty
John E. Flaherty
Cynthia S. Betz
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(972) 622-4444

*Of Counsel*:

Eric J. Lobenfeld
**HOGAN LOVELLS US LLP**
857 Third Avenue
New York, New York 10022
(212) 918-3000

Benjamin F. Holt
Erin J. Frake
Daniel Landesberg
**HOGAN LOVELLS US LLP**
555 Thirteenth St, NW
Washington, DC 20004
(202) 637-5600

*Attorneys for all Plaintiffs*

So Ordered this 12th day of August, 2020.